NOT FOR PUBLICATION

| | |
|---|---|
| **KRISTINE KUKER,** | **UNITED STATES DISTRICT COURT** |
|     **Plaintiff,** | **DISTRICT OF NEW JERSEY** |
| **v.** | **Civil Action No. 10-cv-5544 (CCC-JAD)** |
| **ECLIPSYS CORPORATION,** | **OPINION** |
|     **Defendant.** | |

This matter comes before the Court upon motion by plaintiff Kristine Kuker ("Plaintiff") for leave to file an amended complaint to add a claim for breach of contract against defendant Eclipsys Corporation ("Defendant"). Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **granted**.

## I.  BACKGROUND

On or about September 17, 2010, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Morris County asserting claims in connection with her alleged unlawful termination by Defendant while she was on disability leave.

Specifically, Plaintiff asserted the following claims: (1) Discrimination in Employment in violation of N.J.S.A. §§ 10:5-12.A and 10:5-4.1; (2) Denial of Reasonable Accommodation for Handicap; and (3) Discrimination on the Basis of Perceived Disability. On July 13, 2011, Plaintiff filed this motion to amend her Complaint to add a claim for Breach of Contract. In support of her claim, Plaintiff alleges that while she was on medical disability leave, Defendant made oral representations to her assuring her that she would be reinstated once Plaintiff had recovered from her medical affliction. Notwithstanding these assurances, Plaintiff alleges that

Defendant terminated her without prior notice or warning that her leave of absence would affect her continued employment with Defendant.

Defendants oppose Plaintiff's motion on the grounds that the proposed breach of contract claim is futile because Plaintiff cannot establish that she had an actual or implied contract with Defendant for her continued employment. Defendant argues that because Plaintiff was hired as an at-will employee -- which Plaintiff knew and acknowledged several times when she was hired -- Defendant's right to terminate Plaintiff was not limited in any way. Defendant further argues that, notwithstanding this unfettered right to terminate, Plaintiff's at-will status could not be modified absent written agreement signed by Defendant's President. Finally, Defendant argues that Plaintiff fails to allege any consideration offered in exchange for Defendant's purported oral assurances and fails to allege how she reasonably relied upon such assurances when she was aware of Defendant's at-will employment policy.

## II.   STANDARD OF REVIEW

Amendments of pleadings are governed by FED. R. CIV. PRO. 15 and FED. R. CIV. PRO. 16. A motion to amend a pleading that is filed <u>before</u> the deadline for amendments of pleadings has passed in a RULE 16 Scheduling Order will be governed by RULE 15(a) only. Pursuant to RULE 15(a), after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

RULE 15(a)(2).

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach under to the amendment of pleadings RULE 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole*

*v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).  The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis,* 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000).  A proposed amendment will be denied as futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d at 115.  Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*  Recently, the Supreme Court has refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[1]  Citing its recent opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." FED. R. CIV. P. 8(d).

possibility of misconduct, the complaint has alleged--but it has not "show[n]"--
"that the pleader is entitled to relief." *Fed. Rule Civ. Proc.* 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausible give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual

matter" to show that the claim is facially plausible. *Id.* at 1949.  This then "allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The

Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations

of his complaint are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3;

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### III.    DISCUSSION

Plaintiff alleges that while she was on medical leave, Defendant made several oral

representations assuring her that she would be reinstated when she was fully recovered and able

to return to work.    Specifically, Plaintiff alleges that Defendant's Human Resources

representative "directed [Plaintiff] to remain at home until she was authorized by her physician

to return to work." (Prop. Amend. Compl., ¶ 12, ECF No. 12-2).  Plaintiff further alleges that

Plaintiff's supervisor "urged [her] to remain at home until fully recovered" and informed

Plaintiff that it was "advisable for her to delay her return until she was 'one hundred percent'

recovered from her infirmity." *Id.* at ¶ 39.  Finally, Plaintiff alleges that her supervisor "gave

assurances that plaintiff had no cause for anxiety about her job status" and that Defendant

4

expected to have "an abundance of work for people with [Plaintiff's] qualifications." *Id.* at ¶ 40. Contrary to Defendant's position, Plaintiff does not allege that these representations changed her at-will status in any way.

Plaintiff's allegations, if true, could support a finding that the oral representations made by Defendant's representatives created a contract by which Defendant agreed to reinstate Plaintiff as an at-will employee once she recovered.  Furthermore, Plaintiff's reliance on these representations in not seeking other employment and in not attempting to return to work earlier or to work from home and/or on a part-time basis for Defendant, if true, could support a finding of valid consideration for such contract. *See Lapidoth v. Telcordia Technologies, Inc.*, 420 N.J. Super. 411 (App. Div. 2011); *See, e.g., Bell v. KA Industrial Services, LLC*, 567 F.Supp. 2d 701, 710 (D.N.J. 2008) (finding contract didn't exist where plaintiff had not alleged any "oral promise" to support a finding of a contract).

The Court does not agree with Defendant's argument that *Lapidoth* is inapplicable.  First, the fact that Plaintiff has alleged oral representations as opposed to written guarantees -- as was the case in *Lapidoth* -- does not change the fact that the representations, if true, could be construed as creating a valid contract.  Contrary to what Defendant argues, a written statement that explicitly guaranteed Plaintiff's reinstatement was not the only way a contract could be created.  Indeed, the Court in *Lapidoth* considered all surrounding circumstances and found that the "evidence could support a finding that defendant had promised to reinstate plaintiff's position." *Id.* at 425.  It did not limit its analysis to the statements in the letters; further, it never indicated that oral representations would not have been sufficient to create a contract.  Although the representations made in this case might not be viewed as direct and explicit as those made in *Lapidoth*, it does not follow that they were insufficient to create a contract.

Second, the purported existence of Defendant's express policy that only Defendant's President could enter into agreements to modify an employee's at-will status is irrelevant and has no bearing on whether Defendant entered into a contract to reinstate Plaintiff. Plaintiff is not arguing or alleging that the purported contract changed her status as an at-will employee in any way or that she was guaranteed employment for any specific amount of time. Rather, Plaintiff is alleging that Defendant agreed to <u>reinstate</u> her as an at-will employee. This distinction is critical.

Accordingly, the Court finds that Plaintiff's proposed allegations, if true, make out a plausible claim for a breach of a contract.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an Amended Complaint is granted.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.

6